# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

3-B CATTLE COMPANY, INC., )
                  Plaintiff, )
)
v. )    Case No. 18-cv-1213-EFM-TJJ
)
KELVIN MORGAN and )
SUSAN MORGAN, )
)
                  Defendants. )

## **MEMORANDUM AND ORDER**

On September 17, 2018, the Court conducted a scheduling conference with the parties in accordance with Fed. R. Civ. P. 16. Plaintiff appeared through counsel, Kelsey Nicole Frobisher. Defendants appeared through counsel, Will B. Wohlford. During the conference, the Court raised the issue of whether discovery in this matter should be stayed pending ruling on Defendants' Motion to Dismiss or in the Alternative for Transfer Based upon Forum Non-Conveniens[1] ("Motion to Dismiss or Transfer"). After hearing argument from counsel for the parties, the Court stays discovery until the District Judge rules on the Motion to Dismiss or Transfer.

**I. Procedural Background**

Plaintiff is a Kansas corporation.[2] Defendants are individuals doing business in Kansas and Oklahoma.[3] This case involves missing cattle. Specifically, the parties were engaged in an oral agreement where Defendants were to "keep, graze, feed, and manage" Plaintiff's cattle for a per-head price, plus feed costs.[4] At some point, Plaintiff believed Defendants might be charging

---

[1] ECF No. 6.

[2] ECF 1-1 at 1, ¶ 1.

[3] ECF 1-1 at 1, ¶ 2.

[4] ECF 1-1 at 2, ¶ 7.

for more cattle than they were keeping. After a head count in December 2016, the parties discovered approximately 800 head of cattle were missing.[5] According to Plaintiff, the parties eventually entered into a settlement agreement to resolve Plaintiff's claims against Defendants. Plaintiff now alleges that Defendants paid a small portion of the settlement amount and then represented orally and in writing that they intended to pay the full balance, but have failed to do so.[6]

As a result, Plaintiff filed suit in Kansas state court on July 3, 2018.[7] Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on July 30, 2018.[8] The same day, Defendants filed a motion to dismiss or transfer.[9] Defendants argue this case should be dismissed or transferred to the Northern District of Oklahoma because Defendants filed a Petition for Declaratory Judgment and Accounting[10] in Oklahoma on June 29, 2018, before this action was filed.[11] Defendants say the Oklahoma case involves the same parties, transactions, and claims as this case. Further, Defendants say the parties' relationship is centered in Oklahoma, making Oklahoma a more convenient forum. Defendants believe a stay of discovery pending ruling on their Motion to Dismiss or Transfer is appropriate.

Plaintiff disagrees. Plaintiff believes Kansas is the more appropriate forum and opposes a stay of discovery. The Oklahoma court, on Plaintiff's request, has bifurcated discovery, which is currently proceeding only on the issue of whether the parties' settlement agreement is valid and

---

[5] ECF 1-1 at 2, ¶ 13.

[6] ECF 1-1 at 3–4, ¶ 19–22.

[7] ECF No. 1 at 1, ¶ 3.

[8] *See generally* ECF No. 1.

[9] ECF No. 6.

[10] ECF No. 6-3.

[11] Defendants filed their petition in Oklahoma state court on June 29, 2018. On July 18, 2018, Plaintiff removed the action to the United States District Court for the Northern District of Oklahoma. *See* ECF No. 6 at 4.

enforceable. Plaintiff has responded in opposition to Defendants' Motion to Dismiss or Transfer.[12]

## II. Legal Standard

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[13] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[14] Therefore, the general policy in the District of Kansas is to not stay discovery even when dispositive motions are pending.[15]

However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[16]

## III. Analysis

Applying those factors here, the Court finds a stay of discovery is appropriate. If the motion is granted, this case would either be dismissed or transferred. Either result would be a final conclusion of this case. Defendants reside in Oklahoma, and the cattle at issue were kept in Oklahoma. Other than Plaintiff, it is unclear what, if any, witnesses or evidence are located in Kansas. The parties agree that discovery in this case would not affect the resolution of the

---

[12] ECF No. 11.

[13] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[14] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[15] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[16] *Id.*

pending motion. Discovery is already proceeding in the Oklahoma matter. Allowing discovery to proceed simultaneously in this case is likely to be wasteful and burdensome, and certainly would be so if this case is ultimately dismissed or transferred. Therefore, a stay of discovery at this point is appropriate.

If and when the stay is lifted, the Court will bifurcate discovery to require that discovery regarding the validity of the settlement agreement be concluded before discovery commences on the remaining issues in the case. Should Defendants' motion be denied, the Court will schedule another scheduling conference with the parties. Before the next scheduling conference, the parties shall confer and submit a new report of parties' planning conference with proposed dates for the initial discovery.

**IT IS THEREFORE ORDERED BY THE COURT** that discovery is hereby stayed until such time as the District Judge rules on Defendants' Motion to Dismiss or in the Alternative for Transfer Based upon Forum Non-Conveniens (ECF No. 6).

**IT IS SO ORDERED.**

Dated September 21, 2018, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge